**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 5:10-mj-00084

FRANCES D. PUGH,

Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the briefing in this appeal from a judgment in a criminal case. After a hearing was held in this matter on September 7, 2010, the Honorable R. Clarke VanDervort, United States Magistrate Judge, found the defendant, Frances D. Pugh, guilty of speeding in violation of 36 C.F.R. § 4.21 (c). Mrs. Pugh was assessed a fine in the amount of one hundred dollars ($100), a processing fee of twenty-five dollars ($25) and a special assessment of ten dollars ($10). A Judgment Order [Docket 7] was entered the following day. Mrs. Pugh filed a Notice of Appeal [Docket 5] on September 7, 2010.

On June 5, 2010, Mrs. Pugh was pulled over at approximately 11:50 p.m., by two federal park rangers on Route 41 "between the areas of McCreery and the Prince Bridge." (Tr. 7:13.) One of the rangers, Officer Cawiezel, testified that he visually observed Mrs. Pugh traveling at about 60 miles per hour, and the radar gun in operation at the time indicated that she was traveling 64 miles per hour. The speed limit was 45 miles per hour. Officer Cawiezel testified that the area in which they were operating the radar was within the Congressional boundaries of the New River Gorge

National Park. (Tr. 7:12-16.) Judge VanDervort found Mrs. Pugh guilty of violating 36 C.F.R. § 4.21 (c), which prohibits operating a vehicle at a speed in excess of the speed limit.

In her brief, Mrs. Pugh contends that she was not speeding, nor was she traveling on National Park property and, thus, the rangers had no authority to issue her a citation. (Br. vi.) She also complains of phone calls made to her house by rangers, alerting her to pay her ticket. She further argues that several West Virginia State statutes limit the rangers' ability to issue her a speeding ticket. The Government responds that Mrs. Pugh was speeding on a road within the boundaries of the National Park, and, therefore, the rangers were properly enforcing federal law. (Resp. 5.)

Mrs. Pugh appeals the magistrate judge's judgment pursuant to Rule 58(g)(2) of the Federal Rules of Criminal Procedure, which provides that "[t]he defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). "In assessing the sufficiency of the evidence presented in a bench trial, [the appellate court] must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict." Elliott v. United States, 332 F.3d 753, 760-61 (4th Cir.2003)."

As Judge VanDervort explained during the September 7, 2010, hearing, "a lot of state roads run through federal property" and the New River Gorge National Park encompasses many small towns. (Tr. 2:19-20; 12:13-14.) Officer Cawiezel testified, and the Government reasserts in its Response, that the rangers were patrolling an area of land within the National Park. Mrs. Pugh's assertion that she was traveling on a state highway does not overcome the evidence that the area at issue was within the boundaries of the National Park. *See* 36 C.F.R. § 4.1 (setting forth the scope of the National Park Service traffic regulations and providing that they "apply, regardless of land

ownership, on all roadways and parking areas within a park area that are open to public traffic and that are under the legislative jurisdiction of the United States."). Additionally, the Court finds that substantial evidence exists that Mrs. Pugh was traveling at a speed in excess of 45 miles per hour. Given this finding, and inasmuch as the rangers were properly enforcing federal law when they pulled her over and issued her a citation for speeding, the Court need not address Mrs. Pugh's other arguments.

Accordingly, the Court **AFFIRMS** the judgment of the magistrate judge and **ORDERS** that this appeal be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 2, 2011

Irene C. Berger

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA